CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **JERON GASKIN,** | CASE NO. 7:15CV00247 |
| Petitioner, | |
| | MEMORANDUM OPINION |
| v. | |
| **CHRISTOPHER ZYCH,** | By: Hon. Glen E. Conrad |
| | Chief United States District Judge |
| Respondent. | |

Jeron Gaskin, a federal inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Gaskin asserts that on May 8, 2015, Federal Bureau of Prisons ("BOP") officials reclassified him to the special management unit ("SMU") in violation of his procedural due process rights. As relief, Gaskin asks the court to invalidate his assignment to SMU housing and to order BOP officials to improve procedural protections provided before an inmate is assigned to the SMU. After review of Gaskin's petition, the court concludes that it must be summarily dismissed without prejudice for failure to state a claim under § 2241.[2]

It is well settled law that habeas corpus jurisdiction extends to prisoners' claims that challenge the legal basis of their confinement or its duration, § 2241(c)(3), but does not extend to claims concerning the living conditions he encounters while in confinement. McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. In contrast, a civil rights action [ ] attacks the conditions of the

---

[1] Gaskin is confined at the United States Penitentiary in Lee County, Virginia ("USP-Lee"), located within the territorial jurisdiction of this court.

[2] See Rules 1(b) and 4 of the Rules Governing § 2254 Cases (allowing summary dismissal of habeas petitions when it is clear from the face of the submissions that petitioner is not entitled to relief).

prisoner's confinement. . . ." (quoting Rhodes v. Hannigan, 12 F.3d 989, 991 (10th Cir. 1993) (citation omitted)); see also Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a . . . state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.").

Gaskin's petition challenges only the conditions of his confinement—the fact that he is now subject to the conditions of SMU housing, rather than those he enjoyed before his reclassification on May 8. Gaskin's pleading does not state facts suggesting any respect in which his reassignment to SMU housing will have any bearing on the validity or the duration of his confinement in the BOP. Therefore, Gaskin's allegations, although styled as a petition for habeas corpus relief, do not actually present any claims that sound in habeas or provide any ground on which he could be entitled to such relief.[3]

---

[3] A federal prisoner who wishes to challenge the conditions of his confinement, as opposed to its duration, may do so through a civil rights action under Bivens v. Six Unknown Named Federal Agents of Fed. Bureau of Narcotics, 403 U.S. 544, 555 (1971). See McIntosh, 115 F.3d at 812. Because Gaskin is proceeding pro se, the court could liberally construe his pleading as a Bivens action and allow him to proceed with the case. The court declines to do so, however. Gaskin's current submissions do not indicate that he has exhausted administrative remedies under the prison's grievance procedures as required before he can file a civil rights action about SMU classification or conditions. See 42 U.S.C. § 1997e(a). Moreover, he has not named a proper defendant to his claim under Bivens, which authorizes suit against individual officials for personal actions that violated a plaintiff's constitutional rights. Gaskin's petition names only the warden as an opposing party, but does not state any actions undertaken by the warden, personally, in violation of Gaskin's constitutional rights.

For the reasons stated, the court will summarily dismiss Gaskin's <u>habeas</u> petition without prejudice for failure to state a claim upon which the requested relief can be granted. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 15th day of June, 2015.

*/s/ Glen Conrad*
Chief United States District Judge